IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RICHARD BOWEN THOMSON                                           PETITIONER

V.                          NO: 2:06V00008  GH-JFF

LINDA SANDERS, Warden,
FCI-Forrest City, Arkansas;
and UNITED STATES BUREAU
OF PRISONS                                                      RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is a motion by Petitioner requesting that the Court order the Respondents to show cause as to why they should not be subject to contempt proceedings (DE # 10). For the reasons that follow, the Magistrate Judge undersigned recommends that the motion be denied.

On January 6, 2006, Petitioner, who is serving a twenty-seven month sentence at the Federal Correctional Complex in Forrest City, Arkansas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court challenging a new rule of

the Federal Bureau of Prisons ("BOP") limiting the duration of confinement in a community correction center ("CCC") to "the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a). The new rule took effect on February 14, 2005. On February 14, 2006, the Magistrate Judge undersigned found that the February 2005 Rule was invalid and recommended to Judge Howard that Petitioner's habeas corpus petition be granted. On February 16, 2006, Judge Howard, adopting the Magistrate Judge's recommended disposition, entered an order directing the Respondents, Warden Linda Sanders and the BOP, to "(a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 Policy[1]; and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months."

On April 3, 2006, Petitioner filed his motion requesting that the Court order the Respondents to show cause as to why they should not be subject to contempt proceedings. In his motion, Petitioner also requests that the Court order that he be moved to a CCC forthwith or, at the very least, that the Court set a date for him to be moved to a CCC. In his motion, Petitioner states: "[C]ontrary to this Court's order, the Respondent has refused to consider placing Petitioner in a CCC for the final six months

---

[1] The December 2002 Policy, like the February 2005 Rule, limited the duration of confinement in a CCC to the last 10% of the prison sentence, not to exceed six months.

of his sentence, and has declined to consider any additional CCC placement at all, stating that he has received all of the CCC time he will receive, regardless of this Court's orders and directives, and without regard to his individual needs and circumstances."

In response to Petitioner's motion, Respondents have submitted a sworn declaration by James D. Crook, an attorney employed by the BOP at the Consolidated Legal Center in Oklahoma City, Oklahoma. In the declaration, Mr. Crook states:

> In compliance with this Court's previous order regarding Petitioner's RRC[2] placement, staff at FCI Forrest City reviewed Petitioner for RRC placement. During said review, it was determined that Petitioner would be recommended for 90-120 days of RRC placement. . . . The recommendation was based on Petitioner having a release residence but no employment, limited community support, and the amount of funds deposited into his trust fund account over the last six months.

Mr. Crook has attached Petitioner's inmate activity record to his affidavit, which supports the statements made by Mr. Crook in his affidavit. In light of Mr. Crook's affidavit and Petitioner's inmate activity record, it appears that the Respondents have complied with this Court's order by reviewing Petitioner for RRC placement utilizing the factors taken into account by the BOP prior to its adoption of the December 2002 Policy. Petitioner has not submitted any evidence in response indicating that the Respondents have not complied with the Court's order. Under the circumstances, the Magistrate Judge recommends that Petitioner's motion requesting that the Court order the Respondents to show cause as to why they should not be subject to contempt

---

[2] As of March 31, 2006, CCC's have been referred to as Residential Reentry Centers (RRC).

proceedings be denied. The Magistrate Judge also recommends that Petitioner's request that the Court order that he be moved to a CCC forthwith or, at the very least, that the Court set a date for him to be moved to a CCC, be denied.

THEREFORE, the Magistrate Judge recommends that Petitioner's motion requesting that the Court order the Respondents to show cause as to why they should not be subject to contempt proceedings be denied. The Magistrate Judge also recommends that Petitioner's request that the Court order that he be moved to a CCC forthwith or, at the very least, that the Court set a date for him to be moved to a CCC, be denied.

Dated this 16th day of May, 2006.

                                                                        /s/ John F. Forster, Jr.        
                                          UNITED STATES MAGISTRATE JUDGE